UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELLEN THOMAS<br>                Plaintiff,<br>v.<br>SMITH'S FOOD & DRUG CENTERS, INC.<br>                Defendant. | Case No. 3:23-cv-00439-ART-CSD<br><br>ORDER |

Plaintiff Ellen Thomas brings this action against Defendant Smith's Food & Drug Centers alleging negligence relating to a slip and fall in December 2020. (ECF No. 1-1.) Defendant moved to strike evidence, testimony, and opinions of Plaintiff's expert, Dr. James Lynch, regarding future possible medical treatment and the cause thereof. (ECF No. 25.) Because Plaintiff has shown by a preponderance of the evidence that Dr. Lynch meets the requirements of Fed. R. Evid. 702, the Court denies Defendant's Motion to Strike Evidence, Testimony, and Opinions of Dr. Lynch.

**I.     FACTUAL BACKGROUND**

On December 27, 2020, Plaintiff and her husband were grocery shopping at the Smith's at 750 S. Meadows Parkway, in Reno, Nevada. (ECF Nos. 1-1 at 9.) As Plaintiff was walking up to the cash register, at 12:16 p.m., she slipped and fell on a liquid substance on the floor. (*Id.*)

Plaintiff saw Dr. Lynch, at Swift Institute, on March 8, 2023, for low back pain, right lower extremity pain, and right knee pain. (ECF No. 25-7 at 295–97.) Because Plaintiff had failed conservative treatment measures, Dr. Lynch recommended a lumbar surgery to treat Plaintiff's low back pain. (*Id.* at 297.) Surgery was originally scheduled for April 27, 2023. (ECF No. 25-8 at 12.)

On October 5, 2023, the court entered a discovery plan and scheduling order which set the expert disclosure deadline for January 4, 2024, the rebuttal expert disclosure deadline for February 5, 2024, and the discovery cutoff for

March 4, 2024. (ECF No. 10). On January 5, 2024, Plaintiff served her non-retained expert witness disclosure that included Dr. Lynch. (ECF No. 25-6 at 3.)

After the close of discovery, Defendant moved to exclude any evidence of future damages. (ECF No. 13.) Magistrate Judge Denney specifically denied Defendant's motion to exclude future back surgery, finding Plaintiff's failure to formally disclose Dr. Lynch as a witness harmless under the circumstances. (ECF No. 21 at 11.) Pursuant to that holding, Judge Denney allowed a limited re-opening of discovery so that Defendant could depose and review the records and testimony of Dr. Lynch. (*Id.* at 15.)

During his deposition, Dr. Lynch testified that Plaintiff's low back pain was caused by the December 2020 slip and fall, which necessitated surgery. (ECF No. 28-1 at 56–7.) Defendant subsequently moved to strike evidence, testimony, and opinions of Dr. Lynch. (ECF No. 25.)  After Defendant filed the motion to strike, Judge Denney ruled that because Dr. Lynch is a treating doctor who was disclosed as a non-retained expert, he did not need to be disclosed as a retained expert. (ECF No. 39 at 31.)

## II. MOTION TO STRIKE EVIDENCE, TESTIMONY, AND OPINIONS OF PLAINTIFF'S EXPERT JAMES LYNCH, M.D.

While Defendant does not challenge Dr. Lynch's qualifications as a medical expert, it moves to strike his testimony on the grounds that it: (1) lacks a sufficient basis in facts and data, (2) is not the product of reliable principles and methods; and (3) is internally inconsistent and contradicts both Plaintiff's testimony and her medical records. (ECF No. 25.) The Court addresses each issue in turn.

### A. Legal Standard

The party seeking to admit an expert witness must show by a preponderance that (1) the proposed expert is qualified "by knowledge, skill, experience, training, or education;" (2) the expert's scientific, technical, or other

specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. FED. R. EVID. 702; *see id.*, advisory committee's note to 2023 amendment. Rule 702 assigns to the Court "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993). This "basic gatekeeping obligation" applies to any type of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). "The Ninth Circuit has placed great emphasis on *Daubert*'s admonition that a district court should conduct this analysis 'with a liberal thrust favoring admission.'" *In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1112 (N.D. Cal. 2018) (quoting *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**B.   Analysis**

    **1.   Dr. Lynch Satisfies the Rule 702 Factors**

        **a.   Qualified by Knowledge, Skill, Experience, or Training**

The Court must consider whether Dr. Lynch is qualified by knowledge, skill, experience, and training to opine on this case. FED. R. EVID. 702. Defendant does not contest that Dr. Lynch is qualified to render opinions "regarding the human body" as a result of his education and training. (ECF No. 25 at 14.) Accordingly, the Court finds that Dr. Lynch is sufficiently qualified to render opinions in this case.

### b.     Helpfulness to the Jury

The Court must consider whether Plaintiff has shown that Dr. Lynch's medical expertise regarding low back pain and analysis of Plaintiff's lumbar pathology will help the jury understand the evidence. FED. R. EVID. 702(a). Rule 702 requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. This factor goes primarily to relevance or "fit." *Id.*

Dr. Lynch knows clinical guidelines for treating low back pain; he understands how to interpret medical records and imaging; and he personally treated Plaintiff for her low back pain. (*See* ECF No. 28-1.) Assessing Plaintiff's damages in this negligence case will require the jury to assess which of Plaintiff's injuries were caused by the slip and fall. It will also require the jury to understand what future medical treatment is needed. Dr. Lynch's specialized knowledge will be useful to the jury, and Plaintiff has met her burden to show as much.

### c.     Sufficient Facts or Data

The Court must consider whether Dr. Lynch based his testimony on sufficient facts or data. FED. R. EVID. 702(b). Defendant argues that Dr. Lynch "based his opinions on the recommended surgery on Plaintiff's statement that 'she relates that her back pain and leg pain and knee pain began after the fall in December 2020.'" (ECF No. 25 at 15) (citation omitted).

Dr. Lynch has used sufficient facts and data to reach his conclusions regarding Plaintiff's need for surgery and the cause of her low back pain. (ECF No. 28-1 at 14–18.) He used Plaintiff's relevant medical records, which showed that Plaintiff had failed conservative treatment methods, as well as medical imaging, to reach his conclusions. (*Id.*) Dr. Lynch also relied on his medical knowledge and experience. *See Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010) (admitting expert physician's testimony with "sufficient basis in education and experience"); *Engilis v. Monsanto Co.*, No. 23-4201, 2025 WL 2315898, at *9

(9th Cir. Aug. 12, 2025) ("[K]nowledge and experience can. . . serve as the requisite facts or data on which [experts] render an opinion." (quotation marks omitted)). These sources together form an appropriate basis for Dr. Lynch's opinions. The Court thus finds that Plaintiff has shown that Dr. Lynch has used sufficient data and facts to survive a motion to strike evidence, opinions, and testimony regarding future possible medical treatment and the cause thereof.

### d.     Reliable Principles and Methods

The Court must consider whether Plaintiff has shown that Dr. Lynch's testimony is the product of reliable principles and methods. FED. R. EVID. 702(c). Defendant claims that the record is "lacking in testing to confirm [Dr. Lynch's] theories" such as neurological examinations or nerve studies to "determine the source of radiculopathy that Plaintiff alleged was from back pain caused from the incident;" or "review of prior medical records or films to determine when the actual cyst appeared in Plaintiff's lower back that is the origin of her pain complaints." (ECF No. 25 at 15.) Plaintiff argues that Dr. Lynch conducted a differential diagnosis regarding causation of Plaintiff's back injury after "taking her medical history, physically examining her as her treating physician, and reviewing her MRI and medical history." (ECF No. 28 at 6.)

The Ninth Circuit has held that medical expert testimony should be admitted "'if physicians would accept it as useful and reliable,' but it need not be conclusive because 'medical knowledge is often uncertain.'" *Primiano*, 598 F.3d at 565 (quoting *U.S. v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006)). "The human body is complex" and "etiology is often uncertain," but where the foundation is sufficient, a litigant is "entitled to have the jury decide upon the expert's credibility, rather than the judge." *Id.* at 565–66 (citation omitted).

Differential diagnosis is a "standard scientific technique of identifying the cause of a medical problem" by eliminating likely causes until the most probable one is isolated. *Messick*, 747 F.3d at 1197–98 (9th Cir. 2014) (quoting *Hardyman*

*v. Norfolk & W. Ry. Co.*, 243 F.3d 255, 260 (6th Cir. 2001)). "A reliable differential diagnosis typically, though not invariably, is performed after 'physical examinations, the taking of medical histories, and the review of clinical tests, including laboratory tests," and is generally recognized as admissible under *Daubert. Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1057 (9th Cir. 2003). A court is "justified in excluding evidence if an expert 'utterly fails. . . to offer an explanation for why the proffered alternative cause' was ruled out." *Id.* at 1058 (quoting *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001)).

Here, Dr. Lynch testified that, based on Plaintiff's Magnetic Resonance Imaging (MRI) scan and X-rays, he recommended a particular lumbar surgery, that a majority of physicians would recommend for similar pathology. (ECF No. 28-1 at 14.) Based on those imaging tests, his appointment with Plaintiff, and a review of Plaintiff's medical history, Dr. Lynch testified that he believed, to a reasonable degree of medical probability, that Plaintiff's low back pain was caused by the December 2020 slip and fall. (*Id.* at 14–17.)

Dr. Lynch also considered whether the low back pain was caused by something other than the slip and fall but found that even if Plaintiff had a lumbar disc bulge or cyst prior to the fall, it became symptomatic only after the fall. (*Id.*) To the extent that Dr. Lynch did not adequately rule out alternative causes for Plaintiff's injuries, this is a "credibility determination that goes to the weight of his opinions, not their admissibility." *Rosales v. Rollag*, No. CV-22-01581-PHX-DJH, 2024 WL 4290758, at *5 (D. Ariz. Sept. 25, 2024). The Court therefore finds that Dr. Lynch's testimony used reliable methods and principles.

### e. Reliable Methods Applied to Relevant Facts

The Court finds that Plaintiff has shown that Dr. Lynch's opinion reflects an application of reliable principles and methods to the facts of the case. FED. R. EVID. 702(d). As discussed above, Dr. Lynch applied his extensive medical knowledge and commonly accepted diagnostic methodology to his interactions

with Plaintiff, as well as to medical history and imaging relevant to the case. (*See* ECF Nos. 28-1.)

### 2. Discrepancies Regarding Dr. Lynch's Testimony

Defendant centers much of its motion to strike on alleged inconsistencies in Dr. Lynch's deposition testimony (ECF No. 25 at 6–13, 16–17), particularly focusing on his answers to questions regarding the cause of certain pathology seen in Plaintiff's vertebrae. (*Id.* at 6–7.) Defendant contrasts Dr. Lynch's testimony that he could not render an opinion, to a reasonable degree of medical certainty, as to when Plaintiff's synovial cyst, disc bulge, and disc slippage first occurred (ECF No. 28-1 at 15), but did render such an opinion as to what caused Plaintiff's low back pain, noting that issues like cysts and disc bulges could be asymptomatic, until an injury, like the one at Smith's, precipitated symptoms. (*Id.* at 16–17.)

Similarly, Defendant argues that Dr. Lynch's testimony regarding the cause of Plaintiff's low back pain contradicts both Plaintiff's own testimony and her medical records, which, according to Defendant, indicate that her low back pain did not become a primary concern until 2022. (ECF No. 25 at 9–13.) However, Dr. Lynch testified that her low back pain was not well-documented and may have worsened over time, ultimately resulting in her appointment with him in 2023. (ECF No. 28-1 at 16–17.)

Defendant fails to explain how these answers are irreconcilable and further neglects to cite to any case law standing for the proposition that such discrepancy is sufficient ground to strike evidence, testimony, and opinions of an expert. The mere possibility that an expert may be impeached is not grounds for exclusion. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.,* 738 F.3d 960, 969 (9th Cir. 2013) (holding that "the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable").

The Court declines to strike Dr. Lynch's testimony regarding future possible medical treatment and the cause thereof. To the extent there are discrepancies in Dr. Lynch's testimony, Defendant will have at trial the opportunity to probe them.

### III.   CONCLUSION

It is therefore ordered that Defendant's Motion to Strike Evidence, Testimony, and Opinions of Plaintiff's Expert James Lynch, M.D. is DENIED. (ECF No. 25.)

DATED THIS 12th day of September 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE